Estate of Charles H. Rolka, Deceased, Helen R. Martyn, Carl G. Rolka and Harry Wandmaker, Executors v. Commissioner.
Estate of Charles H. Rolka, Deceased v. Commissioner
Docket No. 18179.
United States Tax Court
1949 Tax Ct. Memo LEXIS 224; 8 T.C.M. (CCH) 327; T.C.M. (RIA) 49073; March 30, 1949
*224 Where the assignment of certain insurance policies contained a possibility of reverter to decedent, the original owner, held, that the proceeds of the policies are includible in the gross estate of the decedent under Estate of Sidney M. Spiegel, et al., v. Commissioner, 335 U.S. 701 (January 17, 1949). James Harte Levenson, Esq., and Roland N. Tremble, C.P.A., for the petitioners. William A. Schmitt, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency in estate tax of $14,723.67 consequent on his holding that the proceeds of four insurance policies were includible in the gross estate of decedent under section 811 (c) and/or section 811 (g), I.R.C.
*225 [The Facts] The facts, which we find as stipulated, are substantially as follows: Charles H. Rolka, hereinafter referred to as deceased, died on January 27, 1944, a resident of Rockville Centre, Nassau County, New York. Deceased left a last will and testament dated February 12, 1942, which was duly admitted to probate on February 2, 1944 by the Surrogate of Nassau County, New York. The petitioners Helen R. Martyn, Carl G. Rolka and Harry Wandmaker, were duly appointed executors of the estate of the deceased and they qualified as such upon the probate of said will, and ever since have been and still are acting as such. As such executors they duly filed an estate tax return for such estate on April 27, 1945, with the collector of internal revenue for the first district of New York, within which district the residence of said deceased was located. The said estate tax return reported a gross estate of $136,503.22 and deductions of $16,169.77 and a net estate of $120,333.45. A policy of life insurance on the life of the deceased was issued by The Equitable Life Assurance Society of the United States, bearing No. 4,815,219. The deceased paid all of the premiums on said *226 policy. The premiums paid thereon by the deceased prior to January 10, 1941 were in the aggregate sum of $9,597.90, and the premiums paid thereon by the deceased subsequent to January 10, 1941, were in the aggregate sum of $2,214.90. On August 3, 1939 deceased assigned said policy and pursuant to said assignment the said insurance company reissued said policy on September 12, 1939, and the respective rights of the parties are set forth in said policy. As reissued and as the result of the assignment, the following provision appears in the policy: "SUCCESSIVE OWNERS: 'The rights of Owner under the terms of this policy are vested in CARL G. ROLKA, son of said CHARLES H. ROLKA, only during his lifetime. Upon death the of said CARL G. ROLKA, prior to the death of said CHARLES H. ROLKA, the said rights of Owner shall vest in DOROTHY ROLKA, daughter-in-law of said CHARLES H. ROLKA, only during her lifetime. Upon the death of the survivor of said CARL G. ROLKA and said DOROTHY ROLKA, prior to the death of said CHARLES H. ROLKA, the said rights of Owner shall vest in CARL G. ROLKA, JR. and JEANNE C. ROLKA, grandchildren of said CHARLES H. ROLKA, jointly during their lifetime. Upon the *227 death of either of said grandchildren, subsequent to the death of the survivor of said CARL G. ROLKA and said DOROTHY ROLKA, but prior to the death of said CHARLES H. ROLKA, or if at the death of the survivor of said CARL G. ROLKA and said DOROTHY ROLKA, prior to the death of said CHARLES H. ROLKA, either of said grandchildren be not then surviving, the said rights of Owner shall vest in the survivor of said grandchildren during his or her lifetime. Upon the death of the last survivor of said CARL G. ROLKA, said DOROTHY ROLKA and said grandchildren, prior to the death of said CHARLES H. ROLKA, the said rights of Owner shall vest in said CHARLES H. ROLKA." The policy further provided as follows: "The Owner (or assignee if any) while vested with the rights under the terms of this policy may, without the consent of the Insured, special beneficiary or any subsequent successive Owner, surrender, assign or pledge this policy and all rights hereunder or, subject to the Society's approval, change to another form or plan of insurance. An assignment by the Owner shall operate to exclude any and all rights of the Insured, special beneficiary or any subsequent successive Owner under this policy *228 except that upon release of all outstanding assignments or upon reassignment to the Owner all rights under this policy shall be the same as if such assignments of said policy had not been made and that if assigned or pledged as collateral only by the Owner, the rights of the Insured, special beneficiary and any subsequent successive Owner shall be as set forth in this policy subject to such collateral assignment or pledge." Pursuant to the terms of the said policy, the loan or surrender value thereof on August 3, 1939, was in the sum of $3,520. Four additional policies of life insurance on the life of the deceased were issued by The Equitable Life Assurance Society of the United States, which are respectively numbered 2,538,017, 2,538,018, 2,881,592, and 3,909,038. All of the annual premiums on said four policies were paid by the deceased. They were fully paid on of before August 3, 1939, and no premiums were thereafter paid by anyone on said policies. On August 3, 1939, deceased assigned said four policies and pursuant to said assignments the said insurance company reissued said policies on September 12, 1939 and the respective rights of the parties are set forth in said policies. *229 As reissued and as the result of the assignment, the following provision appears in the policy: "SUCCESSIVE OWNERS. The rights of Owner under the terms of this policy are vested in HELEN R. MARTYN, daughter of said CHARLES H. ROLKA, only during her lifetime. Upon the death of said HELEN R. MARTYN, prior to the death of said CHARLES H. ROLKA, the said rights of Owner shall vest in ANN E. MARTYN and NANCY S. MARTYN, granddaughters of said CHARLES H. ROLKA, jointly during their lifetime. Upon the death of either of said granddaughters, subsequent to the death of said HELEN R. MARTYN but prior to the death of said CHARLES H. ROLKA, or if at the death of said HELEN R. MARTYN prior to the death of said CHARLES H. ROLKA, either of said granddaughters be not then surviving, the said rights of Owner shall vest in the survivor of said granddaughters during her lifetime. Upon the death of the last survivor of said HELEN R. MARTYN and said granddaughters, prior to the death of said CHARLES H. ROLKA, the said rights of Owner shall vest in said CHARLES H. ROLKA. SPECIAL BENEFICIARY. The Owner (or assignee if any) may from time to time during the continuance of this policy designate, with the *230 right to change reserved to the Owner (or assignee if any), a special beneficiary or beneficiaries who shall be entitled to receive the net sum due upon the death of the Insured. Such designation or change of special beneficiary shall be made by written request, upon the Society's blank, filed at its Home Office, but shall take effect only upon the endorsement of the same hereon by the Society. The Owner (or assignee if any) while vested with the rights under the terms of this policy may, without the consent of the Insured, special beneficiary or any subsequent successive Owner, surrender, assign or pledge this policy and all rights hereunder or, subject to the Society's approval, change to another form or plan of insurance. An assignment by the Owner shall operate to exclude any and all rights of the Insured, special beneficiary or any subsequent successive Owner under this policy except that upon release of all outstanding assignments or upon reassignment to the Owner all rights under this policy shall be the same as if such assignments of said policy had not been made and that if assigned or pledged as collateral only by the Owner, the rights of the Insured, special beneficiary *231 and any subsequent successive Owner shall be as set forth in this policy subject to such collateral assignment or pledge." Pursuant to the terms of said four last mentioned policies, the loan or surrender value of said policies on August 31, 1939, were in the following sums: Loan or Cash
Policy No.
Surrender Value
2,538,017
$7,350
2,538,018
3,675
2,881,592
3,675
3,909,038
7,350
There were no loans made against any of said policies at the time of the respective assignments thereof, nor were there any loans made against the same thereafter. By reason of the assertion of a deficiency in estate taxes, after the filing of the estate tax return, the petitioners become liable for additional attorneys' fees and other expenses in contesting the alleged deficiency. The petitioners have agreed to pay and their representatives have agreed to accept the sum of $2,500 for all such services and the said sum is reasonable in amount and the petitioners are entitled to an additional deduction in the said sum of $2,500 by reason thereof. [Opinion] On the facts above set forth, petitioners contend that the proceeds of the insurance policies should not be included *232 in the gross estate. Since respondent filed no brief we can only conjecture as to his present position, but we assume from the notice of deficiency that he would contend that the recent decision of the Supreme Court in the Estate of Sidney M. Spiegel, et al. v. Commissioner, 335 U.S. 701 (January 17, 1949) is controlling. Petitioners concede on brief (filed before the above decision was promulgated) that "In considering whether the policies are taxable under section 811 (c), because of the possibility of reverter, the fact that they are insurance policies is of no consequence. That provision is applicable to all property without regard to its nature." Petitioners advance several arguments why the property should not be included in the gross estate. In view of the all-embracing language of the Spiegel case, we deem it unnecessary to discuss petitioners' arguments. Under the provision of the policies quoted above, the property must be included in the gross estate under the authority of the Spiegel case. Decision will be entered under Rule 50.